IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 25, 2015 Session

**STATE OF TENNESSEE v. DAVID WAYNE HEARING**

**Direct Appeal from the Criminal Court for Greene County**
No. 05CR193    John F. Dugger, Jr., Judge

_____

**No. E2014-01908-CCA-R3-CD – Filed May 6, 2015**

_____

The appellant, David Wayne Hearing, filed in the Greene County Criminal Court a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The motion was summarily denied, and the appellant appeals the ruling. Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joseph O. McAfee, Greeneville, Tennessee, for the appellant, David Wayne Hearing.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Senior Counsel; C. Berkeley Bell, District Attorney General; and Connie G. Trobaugh, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In 2005, the appellant pled guilty in the Greene County Criminal Court to two counts of first degree felony murder. According to the appellant's Negotiate Plea Agreement form, he received sentences of "life with possibility of parole." The judgments of conviction show that the appellant received concurrent "Life" sentences with "51" written on the blank line beside "Years."

The appellant filed a motion to withdraw his guilty pleas, alleging, in pertinent part, that they were unknowing and involuntary because trial counsel told him that he would be eligible for parole in twelve to fifteen years. David Wayne Hearing v. State, E2007-00778-CCA-R3-PC, 2008 WL 481781, at *8 (Tenn. Crim. App. at Knoxville, Feb. 22, 2008), perm. to appeal denied, (Tenn. 2008). At a hearing on the motion, counsel testified that he told the appellant that the appellant would have to serve fifty-one years before becoming eligible for parole and that he never told the appellant that the appellant could be eligible for parole in twelve to fifteen years. Id. at *2. The trial court accredited counsel's testimony, and this court affirmed the trial court's denial of the appellant's motion to withdraw his guilty pleas. Id. at *9. The appellant then filed a petition for post-conviction relief. Relevant to this appeal, he claimed that counsel was ineffective at the evidentiary hearing on the motion to withdraw his guilty pleas for failing to introduce into evidence the Negotiated Plea Agreement form to support his claim that he thought he would be eligible for parole after serving thirty percent of his sentence. David Hearing v. State, No. E2009-02430-CCA-R3-PC, 2010 WL 3837535, at *9 (Tenn. Crim. App. at Knoxville, Oct. 4, 2010), perm. to appeal denied, (Tenn. 2011). He also claimed that his guilty pleas were unknowing and involuntary because counsel erroneously told him that he would serve fifty-one years at thirty percent. Id. at *10. However, this court again affirmed the lower court's denial of relief. Id.

On March 3, 2014, the appellant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that he "pled guilty on September 2, 2005, with the bargained for element of release/eligibility (parole)" but that "[t]he bargained for element is not authorized by statute and thus is an illegal sentence." The appellant attached his Negotiated Plea Agreement form and one page from the transcript of his guilty plea hearing to his motion. The trial court appointed counsel and ordered that the State respond to the appellant's motion. In its response, the State argued that the trial court should dismiss the motion without a hearing because the issue had been previously raised and determined and because the appellant's judgments of conviction showed that he pled guilty to two counts of first degree murder and received life sentences. The State attached the entire plea hearing transcript and the judgments to its response. Subsequently, the trial court entered an order denying the motion, finding that the issue had been litigated previously and that, in any event, the appellant's sentences were not illegal because, although the phrase "life with parole" was inaccurate, the trial court explained to the appellant at the plea hearing that he was receiving a life sentence.

## II. Analysis

The appellant maintains that he received illegal sentences for his first degree murder convictions because his Negotiated Plea Agreement form states that his sentences were for "life with the possibility of parole" and because the box for "Life," as opposed to the box for "Life w/out Parole," was checked on his judgment forms, which "[b]y

implication . . . amount[s] to a Sentence of Life with the possibility of parole." He also contends that when the State filed a response to his motion to correct an illegal sentence, a hearing on the motion became mandatory. The State argues that the trial court properly denied the motion without a hearing. We agree with the State.

Historically, "two distinct procedural avenues [were] available to collaterally attack a final judgment in a criminal case – habeas corpus and post-conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004); see also State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. at Jackson, Dec. 8, 2014). However, effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended by the addition of Rule 36.1, which provides:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

"A sentence is not illegal when it is 'statutorily available but ordinarily inapplicable to a given defendant'; rather, an illegal sentence is one that is 'simply unavailable under the Sentencing Act.'" State v. Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *3 (Tenn. Crim. App. at Knoxville, Oct. 29, 2014) (quoting Cantrell v. Easterling, 346 S.W.3d 445, 454 (Tenn. 2011)), application for perm. to appeal filed, (Mar. 16, 2015). Although Rule 36.1 does not define what constitutes a "colorable claim," this court has adopted the following definition: "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [the appellant] to relief." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. at Jackson, Aug. 13, 2014) (internal quotation marks and citation omitted). The requirements for a Rule 36.1 motion are more lenient than for a habeas corpus petition; notably, in a Rule 36.1 motion, a defendant is required only to state a colorable claim in his motion but is not required to attach

supporting documents in order to survive summary dismissal, and the motion may be filed "at any time," even after the sentence has expired. See State v. Sean Blake, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *2 (Tenn. Crim. App. at Jackson, Jan. 8, 2015); State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *2 (Tenn. Crim. App. at Knoxville, Dec. 26, 2014).

Initially, we note that throughout the appellant's motion to correct an illegal sentence, he refers to release eligibility as a "bargained for" component of his negotiated plea agreement. However, Rule 36.1 provides "an avenue for correcting allegedly illegal sentences. The Rule does not provide an avenue for seeking the reversal of convictions." State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. At Knoxville, Mar. 31, 2014) (citing Cantrell v. Easterling, 346 S.W.3d 445, 455-56 (Tenn. 2011)), perm. to appeal denied, (Tenn. 2014). Therefore, to the extent that the appellant is once again arguing that his guilty pleas were unknowing and involuntary, he is not entitled to relief on this basis.

The State contends that the trial court properly denied the appellant's motion because it failed to state a colorable claim. We agree. Tennessee Code Annotated section 40-35-501(i) provides that there is no release eligibility for a person convicted of various crimes, including first degree murder, except for a possible reduction of no more than fifteen percent of the sentence for earned and retained sentence credits. See Tenn. Code Ann. § 40-35-501(i)(1), (2). The appellant's Negotiated Plea Agreement form, which he attached to his motion, states that he was to receive "life with the possibility of parole." As noted by the State,

> [a]lthough this court has observed that the phrase "life with parole" is inaccurate because a defendant sentenced to life is entitled "to be released, as opposed to being paroled, after serving 100 percent of sixty years less any eligible credits so long as they do not operate to reduce the sentence by more than 15 percent, or nine years," see [Kermit Penley v. State], No. E2003-00129-CCA-R3-PC, [2004 WL 2439287, at *3] (Tenn. Crim. App., Knoxville, Nov. 1, 2004), use of the term would not render the petitioner's judgment void.

Christopher A. Williams v. State, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at *2 (Tenn. Crim. App. at Jackson, Sept. 30, 2013), perm. to appeal denied, (Tenn. 2013). Moreover, under the heading "Release Classification Status" on the form, there is the following list of release percentages and a box beside each one: "20%," "30%," "35%," "45%," "60%." A blank line and a box are last on the list. The only box checked in the list is the one beside the blank line on which someone wrote "life with possibility of parole." Finally, the appellant's judgments of conviction, which he conveniently failed to attach to his motion but the State attached to its response, specifically provide that he was

sentenced to "Life."[1]  Therefore, we conclude that the trial court did not err by denying his motion to correct an illegal sentence.

The appellant also contends that when the State filed its response, a hearing on the motion became mandatory.  However, the trigger for a hearing is the motion's stating a colorable claim for relief, not the State's filing a response to the motion.  See State v. Damien Clark, No. W2014-01729-CCA-R3-CD, 2015 WL 1828281, at *1 (Tenn. Crim. App. at Jackson, Apr. 20, 2015); State v. Antonio J. Beaseley, Sr., No. E2014-01845-CCA-R3-CD, 2015 WL 1777457, at *2 (Tenn. Crim. App. at Knoxville, Apr. 16, 2015), application for perm. to appeal filed, (May 1, 2015); State v. Bruce Lamont Smith, No. M2014-02092-CCA-R3-CD, 2015 WL 1868492, at *2 (Tenn. Crim. App. at Nashville, Apr. 9, 2015).  Therefore, we conclude that the trial court did not err by summarily denying the motion.

### III.  Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE

---

[1] Original and amended judgments were filed in this case.  The box for "Life" is checked on all of them.